No. 2979. Coleman *v.* Curtis. April Term, 1892. This was an action by plaintiff against the assignee under an assignment for the benefit of creditors, to compel defendant to allow a claim presented by defendant and meantime to enjoin a distribution. Plaintiff contended that the assignor was indebted to him for the erection of a bake oven on a lot belonging to plaintiff's wife, under an agreement that the assignor would pay for its erection, he using it in connection with his business as a baker. The defendant contended that the real agreement was that the plaintiff should build a dwelling house as well as the oven, and then sell the same to the assignor, the house for $2,000 and the oven at cost. Under this defence the Circuit Judge (Hudson) permitted testimony to show that the agreement between the parties included plaintiff's promise to build the dwelling house and sell the same. The Circuit Judge further ruled that the evidence did not sustain the plaintiff's claim and dismissed the complaint.

On appeal this court said : The objection to the testimony referred to in the first question was, that it was incompetent to prove by parol, a contract for the sale of lands. The language of the statute of frauds (Gen. Stat., § 2019), upon which this objection is based, is as follows : "No action shall be brought whereby to charge * * * any person * * * upon any contract or sale of lands, * * * unless the agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing," &c. Now, as this action was not brought

for the purpose of charging any person on a contract for the sale of land, it is difficult to discover the pertinency of the objection. See what is said upon this subject in *Duckett* v. *Pool*, 33 S. C., at page 241. The object of the testimony alleged to be objectionable was not for the purpose of enforcing any contract for the sale of land, but simply to show that the agreement on the part of the plaintiff was not simply to build the bake oven, but also to build for and sell to Reid a dwelling house, and for this purpose the testimony was clearly admissible.

As to the second question, it is doubtful, to say the least of it, whether this court has any jurisdiction, as the action seems to have been an ordinary action for the establishment of a money demand, without any features of equitable cognizance, except so far as a remedy by injunction was asked for. Whether this would be sufficient to convert the action, so far as it demanded the establishment of a plain money demand into "a case in chancery," we need not stop now to consider; for, even if this be so, we think, under the well settled rule, the conclusion of the Circuit Judge should not be disturbed, as there certainly was testimony to sustain his view. Judgment affirmed. OPINION by MR. CHIEF JUSTICE McIVER, September 2, 1892. *S. P. Hamilton*, for appellant. *Hinton Curtis*, contra.

The appellant obtained a stay of the *remittitur* and filed a petition for rehearing, which was dismissed PER CURIAM December 7, 1892, the court saying: The court is unable to discover that there has been any material fact or principle of law either overlooked or disregarded, and therefore there is no ground for a rehearing. It is therefore adjudged, that the petition be dismissed, and the clerk is hereby directed to send down the *remittitur*.